UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES OLIVE<br><br>*Plaintiff*,<br><br>v.<br><br>MR GROUP AMERICAS, INC. and MR WELL ACADEMY,<br><br>*Defendants*. | Civil Action No. _____<br><br>**JURY** |

## ORIGINAL COMPLAINT

Plaintiff James Olive, by and through his undersigned counsel, files this Original Complaint against the identified Defendants.

### NATURE OF THE CASE AND JURISDICTION

1. This is an action for copyright infringement under 17 U.S.C. § 501.

2. This Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1338.

### THE PARTIES

3. Plaintiff James Olive is an individual residing in Rancho Mirage, California USA.

4. Defendant MR Group Americas, Inc. is a Delaware corporation having a business address of 919 N. Market St., Suite 950, Wilmington, Delaware, 19801 USA (hereafter, "defendant MR Group").

5. Defendant MR Group is registered to do business in Texas and has appointed Incorp Services, 15835 Park Ten Place, Suite 105, Houston, Texas 77084 USA as its Registered Agent.

6. The website www.mrgroup.org lists Houston, Texas as defendant MR Group's head office. *See* https://www.mrgroup.org/locations/houston-usa-mr-group-americas-headoffice#content.

7. On information and belief, defendant MR Well Academy is an operating unit or division of defendant MR Group. The webpage www.wellacademy.com/locations list a "primary centre" business address for defendant MR Well Academy of 1311 Broadfield Blvd, Houston, Texas 77084 USA.

8. On information and belief MR Well Academy is not separately registered to conduct business in Texas and has not appointed a Registered Agent.

## PERSONAL JURISDICTION AND VENUE

9. This Court has personal jurisdiction over defendant MR Group at least because it is registered to conduct business in Texas, because it conducts business in this district itself and through defendant MR Well Academy, and because it lists Houston, Texas as its "head office" for the Americas.

10. This Court has personal jurisdiction over defendant MR Well Academy because it conducts business in this district at least through its office located at 1311 Broadfield Blvd, Houston, Texas 77084 USA.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because defendant MR Group and defendant MR Well Academy are subject to personal jurisdiction in this district.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims described below occurred in this district.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a) because defendant MR Group and defendant MR Well Academy or their agents reside or are found in this district.

## FACTS COMMON TO ALL COUNTS

### Plaintiff James Olive

14. Plaintiff James Olive is a native Houstonian who is celebrating 50+ years of professional photography. He has covered photo assignments in over 100 countries including China & Saudi Arabia for clients including Time-Life, Halliburton, Calpine, Memorial Hermann Hospital, NASA, Hercules Offshore and many others. His photographic works have been featured in publications and corporate boardrooms throughout the world. He specializes in Houston skyline

15. Mr. Olive specializes in photos, aerials, oil & gas, international location assignment photography and commercial real estate photography. He is active in Houston community organizations including US China People's Friendship Association, Houston Shenzhen Sister Cities, Christmas Bay Foundation and others.

16. In appropriate circumstances, Mr. Olive licenses his photographs to others on reasonable terms through Stockyard Photos, a division of his company Photolive, Inc.

17. During 2011, Mr. Olive employed his artistic talents to create an aerial photograph of the downtown Houston skyline at evening, a copy of which is reproduced below.



18. This photograph is referred to herein as "*Houston Skyline*" and was first published by Mr. Olive in January 2012.

19. On or about May 9, 2023, Mr. Olive submitted the *Houston Skyline* photograph along with 20 of his other published photographs for registration as a Group of Published Photographs.

20. On or about June 16, 2023, the United State Register of Copyright issued its decision to register each of the 21 published photographs, effective as of May 9, 2023. A true and correct copy of Registration VA 2-351-467 is attached as Exhibit A.

21. In late 2022, Mr. Olive discovered that his *Houston Skyline* photograph was being used and published without permission or license on the www.wellacademy.com website, which, on information and belief, is maintained and/or controlled by either or both of defendant MR Group

and defendant MR Well Academy. A copy of the improperly used photograph captured from the subject website is reproduced below and as Exhibit B.



22. Source inspection of Defendants' website reveals that Defendants have renamed the *Houston Skyline* photograph "2Houston3-27d3c73a.jpg," which is not the file name given to it by Mr. Olive.

23. Defendants' website shows that this copy of Mr. Olive's photograph has been cached along with 5 other photographs having the following file names:

       1Apeldoorn-38c0bcf2.jpg

3Perth-642ee90b.jpg

shutterstock_152650424_Large-361b9018.jpg

shutterstock_483141763_Large-8955448a.jpg

shutterstock_670775494_Large-156a8a15.jpg

24. On information or belief, Defendants have been improperly possessing, using and publishing Mr. Olive's photograph since at least as early as April 2022, and have continued to improperly use and publish this photograph or for at least about 1,100 JAMEdays.

**COUNT I
COPYRIGHT INFRINGEMENT
(Federal Copyright Infringement - 17 U.S.C. § 501 *et seq*.)**

25. Mr. Olive alleges and hereby incorporates by reference the foregoing paragraphs of this complaint.

26. On information and belief, one or more of the Defendants had access to and copied, reproduced, distributed, adapted, and/or publicly displayed copies of the *Houston Skyline* photograph for financial gain and without Mr. Olive's approval or authorization, in violation of Mr. Olive' copyrights.

27. On information and belief, one or more of the Defendants incorporated the *Houston Skyline* photograph into other works for financial and/or commercial gain and without Mr. Olive's approval or authorization, in violation of Mr. Olive's copyrights.

28. On information and belief, one or more of the Defendants created derivative works of the *Houston Skyline* photograph for financial and/or commercial gain and without Mr. Olive's approval or authorization, in violation of Mr. Olive's copyrights.

29. On information and belief, one or more of the Defendants has copied, distributed, reproduced, adapted, made derivative works of, publicly displayed, and otherwise exploited the

*Houston Skyline* photograph without the consent or authority of Mr. Olive, thereby directly infringing the Copyrighted Works.

30. This conduct, individually and cumulatively, constitutes infringement of the *Houston Skyline* photograph and the exclusive rights under copyright in violation of 17 U.S.C. § 501 et seq.

31. Each unauthorized use and/or publication of the *Houston Skyline* photograph constitutes a separate and distinct act of infringement.

32. The acts of infringement by the Defendants have been in reckless disregard of and with indifference to the rights of Mr. Olive.

33. As a direct and proximate result of the Defendants' actions, Mr. Olive has suffered economic and other damages for which Mr. Olive now sues.

34. Pursuant to 17 U.S.C. § 504(b), Mr. Olive is entitled to recover his actual damages, and all profit each defendant has made because of its wrongful conduct.

35. Alternatively, pursuant to 17 U.S.C. § 504(c)(1), Mr. Olive is entitled to elect any time before final judgment is rendered, to recover an award or partial award of statutory damages for all infringements with respect to any one Work in the sum of not more than $150,000 as the Court considers just.

36. Pursuant to 17 U.S.C. § 505, Mr. Olive requests an award of its full attorney fees and costs.

37. Mr. Olive is further entitled to injunctive relief and an order compelling the impounding of all infringing materials distributed, published, or provided to others by Defendants. Mr. Olive has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) Mr. Olive' copyrights are unique and valuable property that have no readily determinable market value; (b) the infringement harms Mr. Olive such that Mr. Olive could not be made whole by any

monetary award; (c) Defendants' wrongful conduct, and the resulting harm to Mr. Olive, is continuing.

**COUNT II**
**VICARIOUS COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 501 *et seq.*)**

38. Mr. Olive alleges and hereby incorporates by reference the foregoing paragraphs of this complaint.

39. Each Defendant has, and had, the right and ability to control the acts of its employees and agents, including those acts that directly infringe the *Houston Skyline* photograph.

40. Each Defendant obtained a direct financial and/or commercial benefit from the infringing activities of its employees and agents who directly infringed the *Houston Skyline* photograph.

41. The acts and conduct of Defendants, as alleged above, constitute vicarious copyright infringement.

42. The acts of infringement by each Defendant have been in reckless disregard of and with indifference to the rights of Mr. Olive.

43. As a direct and proximate result of the Defendants' actions, Mr. Olive has suffered economic and other damages for which Mr. Olive now sues.

44. Pursuant to 17 U.S.C. § 504(b), Mr. Olive is entitled to recover its actual damages and all profits each defendant has made because of its wrongful conduct.

45. Alternatively, pursuant to 17 U.S.C. § 504(c)(1), Mr. Olive is entitled to elect any time before final judgment is rendered, to recover an award of statutory damages for all infringements with respect to any one Work in the sum of not more than $ 150,000 as the Court considers just.

46. Pursuant to 17 U.S.C. § 505, Mr. Olive requests an award of its full attorney fees and costs.

47. Mr. Olive is further entitled to injunctive relief and an order compelling the impounding of all infringing materials distributed, published, or provided to others by Defendants. Mr. Olive has no adequate remedy at law for Defendants wrongful conduct because, among other things: (a) Mr. Olive' copyrights are unique and valuable property that have no readily determinable market value; (b) Defendants' infringement harms Mr. Olive such that Mr. Olive could not be made whole by any monetary award; (c) Defendants' wrongful conduct, and the resulting harm to Mr. Olive, is continuing.

### REQUEST TO IMPOUND AND DESTROY ALL INFRINGING COPIES

48. Mr. Olive alleges and hereby incorporates by reference the allegations made in the foregoing paragraphs of this complaint.

49. Pursuant to 17 U.S.C. § 503(a)(1)(a), Mr. Olive requests that the Court order the impounding, on such terms as it deems reasonable, of any unauthorized copy of the *Houston Skyline* photograph that is in the custody or control of any of the Defendants.

50. Pursuant to 17 U.S.C. §503(b, upon and as part of a final judgment in this matter, Mr. Olive requests that the Court order the destruction of any unauthorized copy of or derivation of the *Houston Skyline* photograph involved in any violation of Mr. Olive' copyright protection rights and that are in the custody or control of any Defendant or that have been impounded.

## **REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTION**

51. Mr. Olive alleges and hereby incorporates by reference the allegations made in the foregoing paragraphs of this complaint.

52. Upon information and belief, one or more of the Defendants, unless enjoined, will continue to infringe the *Houston Skyline* photograph as described in this complaint in violation of the Copyright Act.

53. These actions entitle Mr. Olive to a preliminary injunction and, upon hearing, permanent injunction enjoining one or more of the Defendants and its officers, agents, servants, employees, users, and attorneys, and all those persons in active concert or in participation with them from:

(a) Any unauthorized use of the *Houston Skyline* photograph, including reproducing, distributing, adapting, and/or publicly displaying the *Houston Skyline* photograph in an unauthorized manner;

(b) Representing that Defendants' unauthorized products incorporating and/or altering part or all of the *Houston Skyline* photograph or any other materials created by a Defendant are in any way sponsored by, approved by, affiliated with, or originated by Mr. Olive or Digital Art That Rocks;

(c) Otherwise infringing any rights of Mr. Olive; and

(d) Otherwise competing unfairly with Mr. Olive or injuring his business reputation in any manner.

54. For these actions, there is no adequate remedy at law. Further, Mr. Olive is substantially likely to prevail on the merits of these claims. The injury to Mr. Olive greatly outweighs any injury to the Defendants that the requested injunction may cause. The balance of hardships tips strongly in favor of Mr. Olive. Finally, the injunction will not disserve the public interest. Therefore, Mr.

Olive is entitled to preliminary and permanent injunctive relief against one or more of the Defendants.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Mr. Olive, prays that Each defendant be cited to appear and answer and that after a hearing, the Court grant the following relief:

(i) Order the impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) of all infringing copies of the *Houston Skyline* photograph;

(ii) In accordance with 17 U.S.C. § 502, issue a preliminary and permanent injunction enjoining one or more Defendant and its officers, agents, servants, employees, users, if any, and attorneys, and all those persons in active concert or participation with the Defendants from the acts described in this complaint;

(iii) Order one or more of the Defendants to provide an accounting of all infringements, worldwide, by Defendants, its employees and agents of the *Houston Skyline* photograph;

(iv) Order one or more Defendant to provide an accounting of all financial and/or commercial gain by the Defendant related to the *Houston Skyline* photograph in accordance with 17 U.S.C. § 504(b);

(v) Enter judgment against one or more Defendant for Mr. Olive's actual damages and Defendants' profits under the Copyright Act (17 U.S.C. § 504(b));

(vi) Alternately, and upon Mr. Olive' election, enter judgment against one or more Defendant for statutory damages under the Copyright Act (17 U.S.C. § 504(c));

(ix) Order the destruction of any unauthorized copy of the *Houston Skyline* photograph that are in the custody or control of Defendants or that have been impounded. 17 U.S.C. § 503(b);

**Original Complaint**

(x) In accordance with 17 U.S.C. § 505 award Mr. Olive its reasonable attorney fees, costs, and expenses of this action;

(xiv) Replevy of Mr. Olive's property as described above;

(xv) Pre-judgment and post-judgment interest as provided by law; and

(xvi) Such other and further relief at law or in equity as Mr. Olive may be justly entitled.

## DEMAND FOR TRIAL BY JURY

Mr. Olive demands a trial by jury on his claims against Defendants.

Dated: May 28, 2025

/s/Al Deaver
Albert B. Deaver, Jr.
Attorney-in-charge
Texas State Bar No. 05703800
S.D. Tex. ID No. 11300
adeaver@md-iplaw.com
Robert J. McAughan, Jr.
Texas State Bar No. 00786096
S.D. Tex. ID No. 16501
bmcaughan@md-iplaw.com
MCAUGHAN DEAVER PLLC
550 Westcott St.
Suite 375
Houston, TX 77007

*Attorneys for Plaintiff James Olive*